IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANIEL DIAZ-ALACANTARA, §<br>    #37664-509 §<br> §<br>VS. §<br> §<br>UNITED STATES OF AMERICA § | §<br>§<br>CIVIL ACTION NO. 4:24-CV-842<br>(4:21-CR-90(5))<br> <br> |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Daniel Diaz-Alacantara filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to me for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Movant is challenging his conviction for the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)(A) (Count 1) and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(1), and 18 U.S.C. § 1956(a)(2)(A) (Count 4). On September 28, 2023, after a plea of guilty, he was sentenced to 285 months' imprisonment as to Count 1 and 240 months' imprisonment as to Count 4, to be served concurrently, for a total of 285 months' imprisonment. Movant filed a notice of appeal. The present § 2255 motion was filed on September 20, 2024. As of today, the court has not received a decision from the Fifth Circuit Court of Appeals regarding Movant's appeal, and a review of the Fifth Circuit's website reveals that the appeal is still pending.

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam)). A criminal defendant may not bring a collateral attack while an appeal is pending. *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (citing Jones, 453 F.2d at 352). A § 2255 motion should be dismissed without

prejudice, and a new motion may be filed once the appeal is final. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991).

In the present case, Movant's appeal remains pending before the Fifth Circuit, and his conviction and sentence are not final. This motion to vacate, set aside, or correct sentence should be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, this court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court," adding that "[f]urther briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether

the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor could they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended that the § 2255 motion be dismissed without prejudice. It is also recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that just incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of October, 2024.

_____
Bill Davis
United States Magistrate Judge